## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RANDALL TOWNSEND,

    Plaintiff,

v.                                                         CASE NO:  8:06-cv2050-T-30TGW

RONALD L. BECK, et al.,

    Defendants.
_____/

## **ORDER**

    THIS CAUSE is before the Court upon Plaintiff's Second Amended Complaint (Dkt. #11).  The Court has reviewed the Complaint and determines that it should once again be dismissed.

    Plaintiff's Second Amended Complaint is his third attempt to file a proper Complaint in this Court.  The original Complaint (Dkt. #1) was filed on November 3, 2006.  On that day, Plaintiff also filed a "Notice of Pendency and Motion for Leave of Circuit and Appeals Courts to Stay Cases and Toll Statute of Limitations and to Consolidate Cases as Stated Herein and to Amend All Complaints Herein this Federal Cases to Conform to Evidence." (Dkt. #3).  The Court treated Plaintiff's Motion (Dkt. #3) as a Motion to amend his Complaint and granted it.

    Plaintiff then filed an Amended Complaint (Dkt. #6) on March 6, 2007.  The Complaint was not a short and plain statement of Plaintiff's claim.  It was excessively long (372 pages), joined numerous unrelated Defendants, concerning many unrelated claims, with no showing of a jurisdictional basis for this Court.  To explain these problems, the Court

scheduled a status conference on March 15, 2007, and explained to the Plaintiff that he must file a short statement describing his claim and demonstrating his basis for federal jurisdiction. The Court dismissed the Amended Complaint and granted Plaintiff thirty (30) days to file a Second Amended Complaint.

On April 13, 2007, Plaintiff filed this Second Amended Complaint (Dkt. #11).  The Complaint is 104 pages long, against more than 100 unrelated Defendants.  For example, the Complaint names as Defendants Plaintiff's pastor, his former church, the deacons of the church, his former family law lawyer, the lawyer who apparently represented his former wife, the Sheriffs of several Florida counties, the State of Florida, the former and present Governor of the State of Florida, the Florida Bar, the Executive Director of the Florida Bar, the Judges of the Second District Court of Appeals for the State of Florida, and several of the Judges of the Thirteenth Judicial Circuit of the State of Florida.

It is not incumbent upon the Court to sort through 104 pages of allegations in an attempt to discern a claim which appropriately may be filed in this Court.  The allegations appear to chiefly concern a "shareholder's derivative action" involving his former church and complaints about various persons involved with his family law travails in state court.

Plaintiff obviously took to heart this Court's admonition to include a basis in his Second Amended Complaint asserting a basis for federal jurisdiction.  Plaintiff goes to great lengths to do so and, for 22 pages (pages 12-34), lists a laundry list of citations to the United States Supreme Court, the United States Constitution, the Florida Constitution, United States Code and Florida Statutes.

Despite Plaintiff's obviously valiant effort, the Second Amended Complaint still falls short of the requirement of the Federal Rules of Civil Procedure that his Complaint be a

short, plain statement of his claim against a particular Defendant or Defendants with an asserted basis for federal jurisdiction as to that claim.  It may be that Plaintiff would be better served seeking the advice of a lawyer as to whether he has a federal claim or whether his claims belong in a state Court.  The Court also notes that many of the acts described in the Complaint appear to have occurred prior to 2000, which raises obvious statute of limitations problems.

For the reasons previously stated to Plaintiff and for the reasons described herein, the Court will once again dismiss the Complaint.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Second Amended Complaint (Dkt. #11) is hereby dismissed.

2. Plaintiff shall have thirty (30) days from the date of this Order within which to file a Third Amended Complaint, if he wishes.

3. Plaintiff is advised that, if his next attempt continues to be excessively long, involving unrelated claims against unrelated Defendants, the Court will once again dismiss the Complaint, but without further leave to amend.

**DONE** and **ORDERED** in Tampa, Florida on June 29, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record

*F:\Docs\2006\06-cv-2050.dismissal order.wpd*